UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-18 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN PEREZ | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* letter motion seeking compassionate release in light of the COVID-19 pandemic (Record Document 836) filed by Defendant Steven Perez ("Perez"). Perez's *pro se* motion was filed on June 15, 2020. The Federal Public Defender's Office notified the Court on June 22, 2020 that its office would not be enrolling on behalf of Perez. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter. Therefore, Perez's request for appointment of counsel (Record Document 841) is **denied**.

Due to the COVID-19 pandemic and health conditions such as hypertension and pre-diabetes, Perez requests compassionate release. See Record Document 836. Perez also states that he has suffered from numerous upper-respiratory illnesses in the past years, including pneumonia. See id. The Government has responded in opposition to Perez's motion. See Record Document 104.

On January 5, 2012, Perez pled guilty to one count of conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1)( & (e). See Record Documents 396 & 397. On August 14, 2012, Perez was sentenced to 235 months of imprisonment. See

Record Documents 599 & 600.  Perez is currently incarcerated at FCI Hazelton in West Virginia.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." <u>Dillon v. United States</u>, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Perez moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).  Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

>   (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
>
>   (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.

Here, Perez has not made a showing that he has exhausted her administrative remedies within the BOP. In his motion, Perez does not allege that he sought relief from the BOP prior to the filing of his motion. See Record Document 836. In a more recent filing, Perez asks for additional time to "respond and brief so [he] may include documents previously omitted from [his] earlier pro se motion," including "proof of seeking release through BOP channels and denial by the warden." Record Document 841 at 1. In its opposition, the Government argues that the Court must dismiss Perez's motion until Perez seeks release from BOP and such request is denied or, alternatively, thirty days have lapsed following Perez's request with BOP. See Record Document 840 at 5.

While the Court is well aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Perez's failure to offer proof that he exhausted his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have

authority at this time to grant the relief Perez requests. See, generally, Ross v. Blake, --- U.S. ---, 136 S.Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.  For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion."); but see Valentine v. Collier, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Judge Higginson, concurring).[1]

---

[1] In his concurring opinion, Judge Higginson stated:

> Second, our reasoning on PLRA's exhaustion requirement does not foreclose federal prisoners from seeking relief under the First Step Act's provisions for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A)(i).  Though that statute contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic. See, e.g., United States v. Russo, No. 16-cr-441 (LJL), 2020 WL 1862294, at *4–5 (S.D.N.Y. Apr. 14, 2020) (holding that, "[d]espite the mandatory nature of [the statute's] exhaustion requirement," the exhaustion bar is "not jurisdictional" and can therefore be waived); United States v. Smith, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2–3 (S.D.N.Y. Apr. 13, 2020) (citing cases); see also Vigna, 2020 WL 1900495, at *5–6 (identifying the difficulties of the First Step Act exhaustion question while ultimately deferring a ruling until the petitioner exhausted his remedies); but see United States v. Raia, 954 F.3d 594, ―― (3d Cir. 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020).

Valentine, 2020 WL 1934431, at *8.  This concurrence does not persuade this Court to change its analysis that exhaustion is mandatory and cannot be waived.

The Court shares Perez's concerns about the effect of the COVID-19 outbreak in BOP facilities. However, those concerns are not being ignored by the BOP or this Court. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/ 1266661/download (last visited 4/20/2020). The BOP is actively executing the mandate to immediately review all inmates who have COVID-19 risk factors. This Court believes the BOP is uniquely situated to perform such reviews in the first instance to determine if some type of release, removal, or furlough is appropriate. The better judgment in this instance is to allow the BOP's established process a chance to work. Thus, Perez's motion for compassionate release is **DENIED WITHOUT PREJUDICE**.[2]

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Perez's letter motion seeking compassionate release (Record Document 836) be and is hereby **DENIED WITHOUT PREJUDICE** at this time,

---

[2] In Record Document 841, Perez asks for additional time and/or a hardship extension to further brief his motion. This request is **denied as moot**, as Perez's motion is denied without prejudice and he may re-urge his motion at any time to establish that his request for compassionate release was denied by BOP or, alternatively, thirty days have lapsed following his request for compassionate release with BOP.

subject to re-urging if Perez offers evidence that he exhausted administrative remedies within the BOP as set forth in Section 3852(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of July, 2020.

/S. Maurice Hicks/
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT