UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-18 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN PEREZ | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Steven Perez's ("Perez") Motion for Compassionate Release and Modifying Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). See Record Document 846. Perez seeks compassionate release due to his vulnerability to COVID-19 in light of multiple health conditions and because of numerous confirmed COVID-19 infections at his BOP facility. See id. The Government has responded in opposition to Perez's motion. See Record Document 848. For the reasons set forth below, Perez's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On January 5, 2012, Perez pled guilty to one count of conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1)( & (e). See Record Documents 396 & 397. This offense carried a mandatory minimum term of imprisonment of fifteen years. See id. On August 14, 2012, Perez was sentenced to 235 months of imprisonment. See Record Documents 599 & 600.

According to the written factual basis and the Presentence Investigation Report, Perez joined the Dreamboard Internet bulletin board on February 25, 2010. See Record Documents 397-2 & 596 at ¶ 14. His was a "member" level of the bulletin board. See id.

He posted advertisements offering to distribute child pornography to other members of the board.  See id.

Perez is currently incarcerated at Rochester FMC in Minnesota.  His projected release date is May 6, 2028.

## LAW AND ANALYSIS

Perez seeks compassionate release due to medical conditions, including high cholesterol, hypertension, and pre-diabetes.  See Record Document 846.  He also states that he is susceptible to upper respiratory infections and has a family history of cardiovascular disease.  See id.  He believes such medical conditions and the COVID-19 outbreak/pandemic at his BOP facility constitute extraordinary and compelling reasons for compassionate release.  See id.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Perez moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).  Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling

reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1)　prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2)　prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  Perez has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Perez's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are

only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the

COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

The Court does not believe that Perez's medical conditions are serious enough to warrant compassionate release. Notwithstanding, even if the Court were to assume that Perez's medical conditions constituted extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Perez's offense and his history and characteristics disfavor release. Perez pled guilty to the instant offense of conspiracy to advertise child pornography access with intent to view child pornography, thereby admitting his involvement in an egregious child pornography online forum. The content of this online forum was particularly heinous. Perez was subject to a mandatory minimum sentence of fifteen years for the instant offense; thus, early release at this juncture simply would not reflect the seriousness of Perez's offense and would not promote respect for the law. Moreover, the Presentence Investigation Report also references two juvenile adjudications for similar offenses. See Record Document 596 at ¶ 36-39. Based on these adjudications,

compassionate release would not afford adequate deterrence to criminal conduct and would not protect the public from further crimes of this defendant.

## CONCLUSION

Based on the foregoing reasons, Perez's Motion for Compassionate Release (Record Document 846) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of October, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT